12KUHN, Judge.
In this appeal, applicant-appellant, C & T Enterprises, L.L.C. (C & T), challenges the district court’s judgment affirming the decision of the Commissioner,[1] Department of Revenue, Office of Alcohol and Tobacco Control (the State), to withhold and deny its application for a Class A General Beer and Liquor permit. For the reasons which follow, we affirm.
FACTUAL AND PROCEDURAL BACKGROUND
The following facts, essential for resolution of this appeal, are not disputed by the parties. Wilmer Richardson, Jr., owns property located in East Feliciana Parish. Richardson operated a nightclub in a building which was completely destroyed by a fire in 1978. Richardson thereafter relocated the nightclub to a vacant building located across the street from the premises of the original nightclub building. In 1978, by way of a lawsuit for declaratory relief, Richardson was granted issuance of the necessary permits for the sale of alcoholic beverages at the relocated premises.[2] Richardson discontinued personally operating the nightclub, although the premises were apparently used as a bar for some period of time by tenants to whom Richardson had granted a lease. The parties agree that the last time alcoholic beverages were sold from the premises was in either 1995 or 1996. Although the record fails to establish the exact date, some time after the 1978 declaratory judgment ordering issuance of the necessary permits to Richardson for continued operations in the post-fire, relocated premises, a public playground was constructed within three hundred feet of the nightclub.
Lhn May 1998, C & T, having entered into a lease with Richardson to the premises formerly used as a nightclub, sought and was issued a local liquor permit from the East Feliciana Parish police jury. In June 1998, C & T’s application for a Class A General Beer and Liquor permit was withheld and denied by the Commissioner. The written notice from the Commissioner specified as the basis of the withholding and denial that the location for which C & T sought a permit was within three hundred feet of a playground, in violation of a local ordinance of East Feliciana Parish.[3] Aggrieved by the Commissioner’s denial, C & T took a devolutive appeal to the district *783 court.[4] After a hearing, the district court affirmed the Commissioner’s denial. This appeal by C & T followed.
ANALYSIS
Louisiana Revised Statutes Title 26, section 81 provides in relevant part:
A. No permit shall be granted under this Chapter in contravention of any municipal or parish ordinances adopted pursuant to the zoning laws of the state.
* :[i * ^ #
C. When prohibited by municipal or parish ordinance, no permit shall be granted for any premises situated within three hundred feet or less, as fixed by the ordinance, of a public playground ....
:fc jji % ‡
E. The prohibitions in this Section do not apply ... to any premises which have been licensed to deal in alcoholic beverages for a period of one year or longer prior to the adoption of the ordinance.[5] [Footnote added.]
|40n June 1, 1971, East Feliciana Parish adopted as part of its “Code of Ordinances” a local ordinance of the type referred in La. R.S. 26:81(C). Section 2-1.1 of Article 1, Chapter 2, entitled “ALCOHOLIC BEVERAGES” of the parish code states in pertinent part:
It shall be unlawful for any person, firm or corporation to conduct any business for the purpose of selling or otherwise distributing alcoholic beverages within three hundred (300) feet of any ... public playground.[6] [Footnote added.]
*784 |SC & T maintains that because it has established the premises were licensed for a period of one year or longer prior to the adoption of the ordinance, under the plain language of La. R.S. 26:81(E), it is exempt from the prohibitions contained in La. R.S. 26:81. Suggesting that the Commissioner’s determination to deny and withhold the permit under the provisions of La. R.S. 26:81 was based on a finding that the premises were closed for six months or longer, and therefore business operations in the licensed premises were not continuous from the “period of one year or longer prior to the adoption of the ordinance” through the time it sought the alcoholic beverages permit, C & T contends that § 81(E) has no requirement that the exempted premises have operated continuously under the license. While we agree with C & T that the plain language of § 81(E) includes no requisite showing that the premises have been continuously licensed, we disagree that this, therefore, results in C & T’s entitlement to a Class A General Beer and Liquor permit.
In 1971, when East Feliciana Parish adopted Section 2-1.1 of the parish code, the licensed premises in which Richardson operated his nightclub were those located across the street from the premises for which C & T presently seeks a permit. When the nightclub was destroyed by fire 1978, it was through the litigation for declaratory relief that Richardson obtained a permit for the nightclub located on the new premises. The record establishes that the premises for which C & T is seeking the permit is not the same as those from which Richardson operated his nightclub in 1971. As such, C & T has not established that the permit it seeks to obtain from the Commissioner is for “premises which have been licensed to deal in alcoholic beverages for a period of one year or longer prior to the adoption of the ordinance.”
C & T urges that Richardson’s relocated nightclub was not “the establishment of a new business but the continuation of the same.” The trial court’s finding in the declaratory litigation precludes a conclusion that the premises C & T presently seeks to |fihave covered under the permit are not the same as those licensed in 1971 when East Feliciana Parish adopted its local ordinance.
According to La. R.S. 26:8l(E), it is the “premises” that have been licensed to deal in alcoholic beverages for a period of one year or longer prior to the adoption of the local ordinance to which the prohibitions of § 81 do not apply. According to Webster’s Third New International Dictionary (1993), “premises” refers to “the place of business of an enterprise or institution.” (Emphasis added.) That Richardson continued to operate the same business after the fire destroyed the original premises does not change the fact that it was in a different place, at premises located across the street, in which that same nightclub business operated. Accordingly, we conclude the trial court’s affirmance of the Commissioner’s decision to withhold and deny C & T’s application for a Class A General Beer and Liquor permit was not erroneous.
CONCLUSION
The trial court’s judgment affirming the denial of a Class A General Beer and Liquor permit to C & T is affirmed. All costs of this appeal are assessed against C & T Enterprises, L.L.C.
AFFIRMED.

. According to La. R.S. 26:2(3) (which addresses the issuance of permits for alcoholic beverages containing more than six percent alcohol by volume), as well as La. R.S. 26:241(3) (which addresses the issuance of permits for alcoholic beverages containing more than one percent but less than six percent alcohol by volume, i.e., beverages of low alcoholic content as defined in La. R.S. 26:241(l)(a)), the Commissioner as used throughout the Alcoholic Beverage Control Law means the commissioner of alcohol and tobacco control who is the assistant secretary of the office of alcohol and tobacco control in the Department of Revenue. See La. R.S. 26:2(3) and 241(3).

. The suit for declaratory relief was brought by the police jury for East Feliciana Parish with Richardson named as defendant. Nothing in this record establishes whether the State was made a party to the suit and/or cast in judgment.

.The written notice from the Commissioner to C & T stated that the failure to secure the necessary local permit constituted an additional basis for the withholding and denial of C & T's application. The record clearly establishes, however, the East Feliciana Parish police jury granted C & T a local permit. Counsel for the police jury indicated in the July 7, 1998 correspondence to the State that while a liquor permit had been granted, it was done in violation of the local ordinance prohibiting any business involving the sale of alcoholic beverages within a distance of 300 feet from, inter alia, a public playground. In this appeal, the propriety of the issuance of the liquor permit by the police jury for East Feliciana Parish is not before us.

. See La. R.S. 26:106 setting forth the procedure for appeal of a decision by the Commissioner to district court.

. The prohibitions set forth in La. R.S. 26:81 are contained within Part II of the Alcoholic Beverage Control Law and address permit applications for sales of alcoholic beverages containing six percent alcohol by volume. Although similar prohibitions are provided for in La. R.S. 26:281 within Part II of the Alcoholic Beverage Control and Taxation addressing permit applications for beverages of low alcoholic content, the only basis for an applicant to be exempted from those prohibitions is contained in section 281(F) which provides:
Should any premises licensed to deal in beverages of low alcoholic content be located within a distance less than that provided by a municipal or parish ordinance pursuant to this Section from property which is purchased or acquired after the license was obtained for the construction, erection, movement or development of a public playground or a building used exclusively as a church or synagogue, public library, or school, such subsequent purchase or acquisition shall not be grounds for the revocation, withholding, denial or refusal to renew the permit on said premises either by state or local authorities.
Because the public playground was already constructed when C & T applied for a permit, it does not fall within the ambit of § 281(F). C & T asserts under La. R.S. 26:81(B)(3), it is entitled to a permit for beverages of low alcoholic content. Louisiana Revised Statute 26:81(B)(3) states:
Any premises licensed to deal in alcoholic beverages, upon proper application, shall be issued a permit for beverages of low alcoholic content.... The new permit shall be of the same class as the one for which the premises has a license.
Thus, our resolution of whether C & T is entitled to a permit authorizing the sales of alcoholic beverages containing six percent alcohol by volume under La. R.S. 26:81(E) applies with full force to C & T's application for a permit for beverages of low alcoholic content.

.The provisions of the local ordinance which were admitted into evidence state in relevant part:
It shall be unlawful for any person, firm or corporation to conduct any business for the purpose of selling or otherwise distributing alcoholic beverages within three hundred (300) feet of any building used exclusively as a regular church, or synagogue, public library or school, except a school for business education, or public playground. [Emphasis and underscoring added.]
We note that in the written reasons for judgment issued in the declaratory relief litigation, the trial court set forth an earlier version of this local ordinance. According to those provisions as cited in the written reasons, the earlier version prohibited a person from conducting any business for the purpose of selling or otherwise distributing alcoholic beverages within three hundred feet of "any *784 building used exclusively as a regular church, or synagogue, public library or school, except a school of business; or within three hundred (300) feet of any public playground." (Emphasis and underscoring added.)' In this appeal, C & T does not assert that the language promulgated in the version of the local ordinance admitted into evidence is ambiguous.